Filed 6/29/26  Costa-Fleeson v. Americor Funding CA4/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FABIOLA COSTA-FLEESON,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AMERICOR FUNDING, INC.,<br><br>Defendant and Appellant. | G062962<br><br>(Super. Ct. No. 30-2023-01305561)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Nathan R. Scott, Judge. Reversed and remanded with directions.

CDF Labor Law, Todd R. Wulffson, Jeffrey Sikkema, Denisha P. McKenzie, Ashley N. Lopeztello and John S. Keeney for Defendant and Appellant.

Shanberg Stafford, Ross E. Shanberg and Shane C. Stafford for Plaintiff and Respondent.

Americor Funding, Inc. appeals from an order awarding attorney fees and costs to Fabiola Costa-Fleeson under Code of Civil Procedure sections 1281.98, subdivision (c)(1) and (2), and 1281.99, subdivision (a) (all undesignated statutory references are to this code). In our prior nonpublished opinion in this case, *Costa-Fleeson v. Americor Funding, Inc.* (Aug. 1, 2024, G062962), we concluded Americor materially breached the parties' arbitration agreement (Agreement) under section 1281.98, subdivision (a), by failing to make a timely payment to continue the arbitration proceedings. We also concluded the trial court properly awarded attorney fees and costs and imposed a monetary sanction. We therefore affirmed the court's order.

On November 19, 2025, the Supreme Court transferred this matter to us with directions to vacate our decision and to reconsider the cause in light of *Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310 (*Hohenshelt*). We therefore vacated our prior opinion. In reconsidering the cause, we reverse and remand to the trial court with directions.

FACTUAL AND PROCEDURAL BACKGROUND

When Costa-Fleeson started working for Americor in November 2019, she signed the Agreement, which provided in pertinent part: "Employee will be required to pay an arbitration fee to initiate arbitration equal to what Employee would be charged as a first appearance fee in court. The Company will pay the remaining fees and costs of the arbitrator. . . . [¶] This Arbitration Agreement will in all respects be subject to and governed by the substantive law of the State of California but only to the extent such law has not been preempted by the Federal Arbitration Act." The parties agreed all arbitrable claims would be "decided by binding arbitration conducted by a neutral arbitrator and administered by JAMS."

2

In January 2022, Costa-Fleeson filed a demand for arbitration with JAMS. She alleged eight causes of action against Americor relating to her employment.

On September 14, 2022, JAMS served a notice of hearing on the parties via e-mail.[1] It set the arbitration hearing for January 10–12, 2023. It also specified when the fees were due: "If monies are outstanding, enclosed is a deposit request for your share of the fees. All fees are *due upon receipt*."[2] (Italics added.) The September 14, 2022 deposit request billed Americor's counsel for Americor's share of fees: $45,300. In the bottom margin, JAMS explained why that amount was owed and reiterated when the deposit was due: "Invoice total is based on the fee split agreed upon by all parties. . . . Payment is due upon receipt." JAMS provided a hyperlink (titled "Click here to pay") to make the deposit online and mailing addresses for checks.

The notice also enclosed a general fee schedule, which stated in relevant part: "All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter."

On the same day, JAMS's billing department e-mailed Americor's counsel, setting forth when the deposit was due: "Please note that payment is due upon receipt." JAMS attached the September 14, 2022 deposit request.

The parties later agreed to continue the arbitration hearing to March 6–8, 2023. In November 2022, JAMS served a notice of rescheduled

[1] In May 2022, the parties agreed, during a teleconference with the arbitrator, to set the arbitration hearing for January 10, 2022. In June 2022, the parties started the discovery process, during which several disputes arose.

[2] The deposit request is dated September 13, 2022. But because JAMS provided the deposit request to the parties on September 14, 2022, we refer to the deposit request as the September 14, 2022 deposit request.

hearing on the parties. The notice provided the deposit was "due upon receipt." Enclosed with the notice was the September 14, 2022 deposit request.

On January 4, 2023, JAMS e-mailed the parties, reminding Americor to pay the September 14, 2022 deposit request: "This is a friendly reminder that the attached Deposit Requests are due before[.][3] [¶] Please find [Americor's] Deposit Request for your reference. A link can be found at the bottom of the attached Deposit Request for making electronic payments." (Italics omitted.)

The next day, Costa-Fleeson's counsel sent an e-mail message to only JAMS: "Please clarify to all parties when the deposit is or was due. It is not specified in your [e-mail] below." In response, JAMS provided the due date of the deposit in an e-mail message addressed to the parties: "Payment is due upon receipt. If payment is not received from all parties by 2/3/2023 (the last day to cancel or continue), the session will be removed from calendar."

On January 18, 2023, JAMS e-mailed the parties another reminder: "This is a friendly reminder that the attached Deposit Request is due before Friday, 2/3/2023. The last day to continue or cancel without forfeiting fees is this date as well. [¶] Please find your respective Deposit Request for your reference. A link can be found at the bottom of the attached Deposit Request for making electronic payments." (Boldface, italics, and underscoring omitted.) Attached to this e-mail was the September 14, 2022 deposit request.

---

[3] The first sentence of this e-mail message did not specify a due date.

4

On January 24, 2023, JAMS e-mailed the parties, reminding Americor again its deposit was due: "I would also like to take this time to remind [Americor's counsel] the attached Deposit Request is due. A link can be found at the bottom of the attached Deposit Request for making electronic payments." (Italics omitted.) Attached was the September 14, 2022 deposit request.

On January 26, 2023, Costa-Fleeson filed a notice of withdrawal of claim from arbitration with the arbitrator under section 1281.98. She asserted JAMS sent the September 14, 2022 deposit request to Americor several times, the deposit request specified payment was due upon receipt, the Agreement required Americor to pay the cost of the arbitrator, and Americor materially breached the Agreement because it failed to make the deposit to continue the arbitration. She contended she was therefore "entitled to '[w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction,' and pursue monetary and other sanctions, and all other appropriate relief." Americor opposed the notice of withdrawal, to which Americor replied.

On January 31, 2023, the arbitrator held a telephonic hearing regarding Costa-Fleeson's notice of withdrawal of claim from arbitration. In a written ruling, the arbitrator concluded Costa-Fleeson could withdraw from arbitration and accepted her notice of withdrawal. He explained section 1281.98, subdivision (a)(2) was "clear: '[T]he arbitration provider shall issue all invoices to the parties as due upon receipt.' That is what JAMS did in the instant case. Each invoice which JAMS issued so stated." The arbitrator noted "any inconsistency between what the Arbitrator's case coordinator told [Americor] and the law must be resolved in favor of application of the law."

5

In February 2023, Costa-Fleeson filed a complaint against Americor with the trial court, alleging the same eight causes of action as her demand for arbitration. Two weeks later, she moved for attorney fees, costs, and sanctions under sections 1281.98 and 1281.99.

In June 2023, the trial court granted in part the motion for attorney fees, costs, and sanctions, and the motion was "continued on one issue to" July 2023. Of relevance here, the court found Americor materially breached the Agreement because it failed to pay the September 14, 2022 deposit request within 30 days under section 1281.98. It concluded, "The FAA does not preempt the relevant statute." It also invited the parties to file supplemental memoranda on the issue of attorney fees and costs under sections 1281.98, subdivision (c), and 1281.99, subdivision (a).

In July 2023, the trial court granted Costa-Fleeson's motion for attorney fees. It ordered Americor to pay $176,687.96 in attorney fees and costs to Costa-Fleeson under sections 1281.98, subdivision (c)(1) and (2), and 1281.99, subdivision (a). The court reasoned the Legislature authorized the recovery "of all fees 'associated with' the arbitration" pursuant to section 1281.98, subdivision (c)(1), not merely "arbitration-specific fees." The court therefore concluded attorney fees and costs "incurred after arbitration was demanded while conducting discovery intended for use at arbitration are 'associated with' the arbitration" under section 1281.98, subdivision (c)(1). It also found certain attorney fees were not "'associated with'" the arbitration, including work performed on the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.; FEHA) complaint. After indicating it had considered "the billing, declarations, and briefing, and relying on "'its own expertise'" in determining the "'value of legal services performed in a case,'""

6

the court identified by category the specific amounts awarded to Costa-Fleeson.

Americor timely appealed. During the pendency of the appeal, we invited the parties to file supplemental briefs on the appealability of the award of attorney fees and costs under section 1281.98, subdivision (c)(1).

In our prior opinion, we affirmed the trial court's order. Our Supreme Court granted review and deferred action pending its decision in *Hohenshelt*. After the issuance of *Hohenshelt*, the Supreme Court transferred the case to us with directions to vacate our prior decision and reconsider it in light of *Hohenshelt*. Accordingly, we vacated our prior opinion, and the parties filed supplemental letter briefs discussing the impact of *Hohenshelt* on this appeal.

## DISCUSSION

### I.

#### TRIAL COURT'S ORDER

In its July 2023 minute order, the trial court awarded Costa-Fleeson $176,687.96 in attorney fees and costs under sections 1281.98, subdivision (c)(1) and (2), and 1281.99, subdivision (a). The court did not specify whether certain attorney fees were recoverable under a particular subdivision of a statute. But, based on how the court categorized the attorney fees in its order, we can infer which attorney fees were awarded under section 1281.98, subdivision (c)(1) or sections 1281.98, subdivision (c)(2), and 1281.99, subdivision (a).

Section 1281.98, subdivision (c)(1) provides in pertinent part: "The employee or consumer may bring a motion, or a separate action, to recover all attorney's fees and all costs *associated with the abandoned arbitration proceeding*." (Italics added.)

7

Section 1281.98, subdivision (c)(2) sets forth: "The court shall impose sanctions on the drafting party in accordance with Section 1281.99." Section 1281.99, subdivision (a) requires imposing a monetary sanction upon finding a material breach: "The court shall impose a monetary sanction against a drafting party that materially breaches an arbitration agreement . . . , by ordering the drafting party to pay the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer *as a result of the material breach*." (Italics added.) The "'[d]rafting party'" is "the company or business that included a predispute arbitration provision in a contract with a consumer or employee." (§ 1280, subd. (e).)

In its order, the trial court identified six categories of attorney fees: (1) "[p]reparation of FEHA [c]omplaint/[arbitration] [d]emand/[c]omplaint"; (2) "[a]rbitration related correspondence and communication"; (3) "[a]rbitration procedural matters and pre-hearing preparation"; (4) "[a]rbitration hearing preparation, including expert witnesses"; (5) "[a]rbitration discovery preparation"; and (6) "[p]ost-withdrawal arbitration including fees motion." (Underscoring omitted.) The first five categories of attorney fees are "associated with" the arbitration. Thus, it appears the court allowed the recovery of these attorney fees under section 1281.98, subdivision (c)(1). The sixth category concerns $22,700 in attorney fees incurred after Costa-Fleeson withdrew from the arbitration. These fees are not "associated with" the arbitration. (§ 1281.98, subd. (c)(1).) That must mean the court awarded these fees as a monetary sanction under sections 1281.98, subdivision (c)(2), and 1281.99, subdivision (a), despite, as Costa-Fleeson recognizes, the court not once using the word "'sanctions'" in its order.

8

In its briefs, Americor mischaracterizes the entire $176,687.96 in attorney fees and costs as only sanctions by relying on a selective reading of section 1281.98, subdivision (c). It ignores section 1281.98, subdivision (c)(1) and quotes only section 1281.98, subdivision (c)(2).

## II.

### APPEALABILITY

In her supplemental brief on appealability, Costa-Fleeson argues the trial court's July 2023 minute order is not appealable. We disagree.

*A. The Monetary Sanction and the Finding of Material Breach Are Appealable*

An appealable order or judgment "'is a jurisdictional prerequisite to an appeal.'" (*Warwick California Corp. v. Applied Underwriters, Inc.* (2020) 44 Cal.App.5th 67, 72.) "The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.)

"'[S]ection 904.1, subdivision (a), governs the right to appeal in civil actions. It codifies the "one final judgment rule."'" (*Jackson v. Board of Civil Service Commissioners of City of Los Angeles* (2024) 99 Cal.App.5th 648, 655.) "[T]he 'one final judgment' rule [is] a fundamental principle of appellate practice that prohibits review of intermediate rulings by appeal until final resolution of the case." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697.)

Section 904.1, subdivision (a) enumerates "'appealable orders that stand as exceptions to the general rule.'" (*Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 134.) Section 904.1, subdivision (a)(12) permits appeals "[f]rom an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)." Under

9

section 906, when considering an appeal pursuant to section 904.1, we "may review the verdict or decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party."

Here, the trial court imposed a monetary sanction of $22,700 in attorney fees against Americor under sections 1281.98, subdivision (c)(2), and 1281.99, subdivision (a). The monetary sanction is therefore appealable under section 904.1, subdivision (a)(12). And the monetary sanction resulted from the court's finding in June 2023 that Americor materially breached the Agreement pursuant to section 1281.98, subdivision (a). (§ 1281.99, subd. (a).) As that ruling necessarily affected the monetary sanction, the finding of material breach is reviewable on appeal from the order. (§ 906.)

*B. The Award of Attorney Fees and Costs Pursuant to Section 1281.98, Subdivision (c)(1) is Appealable*

Under the collateral order doctrine, an appeal may be taken "'[w]hen a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act.'" (*Last v. Superior Court* (2023) 94 Cal.App.5th 30, 43–44.) "'The interest that is served by the collateral order doctrine is the expeditious completion of appellate review, when that can be accomplished without implicating the merits of the underlying controversy. The collateral order doctrine also preserves appellate review when, without the invocation of this doctrine, appellate review would be foreclosed.'" (*Id.* at p. 44.)

Here, the trial court's order on attorney fees and costs pursuant to section 1281.98, subdivision (c)(1) satisfies the requirements of the collateral order doctrine. First, the issue of attorney fees and costs under this

10

statute is collateral as it is "'distinct and severable' from the" main issue of the underlying litigation. (*Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1016.) Second, the order was a "final determination" because "'further judicial action is not required on the matters dealt with by the order.'" (*Ibid.*) "Finally, by awarding attorney fees [and costs] . . . , the order directs the payment of money." (*Ibid.*) Therefore, we find jurisdiction to review this appeal.

## III.

### AMERICOR FAILED TO MAKE A TIMELY PAYMENT

Section 1281.98, subdivision (a) requires the party who drafts an arbitration agreement to make a timely payment of arbitration fees or costs to continue the arbitration. Specifically, section 1281.98, subdivision (a)(1) provides: "In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, that the drafting party pay certain fees and costs during the pendency of an arbitration proceeding, *if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement*, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach." (Italics added.)

Section 1281.98, subdivision (a)(2) requires the arbitration provider to invoice the parties to the arbitration any required fees and costs for the "proceeding to continue." The invoice must state the full amount owed and the payment due date, and it "shall be sent to all parties by the same means on the same day." (*Ibid.*) "To avoid delay, absent an express provision in the arbitration agreement stating the number of days in which the parties

11

to the arbitration must pay any required fees or costs, the arbitration provider shall issue all invoices to the parties as *due upon receipt*." (*Ibid.*, italics added.) "Any extension of time for the due date shall be agreed upon by all parties." (*Ibid.*)

Here, on September 14, 2022, JAMS provided the parties with a deposit request, or invoice, via e-mail. The invoice set the payment deadline for Americor's $45,300 in fees to continue the arbitration: "All fees are due upon receipt." Thus, the payment due date was September 14, 2022. JAMS sent the identical invoice to the parties at least five more times over the course of four months, reminding them payment was due upon receipt. Americor did not pay these fees within 30 days of September 14, 2022, and never paid them.

Americor argues the payment deadline was February 3, 2023. Its argument appears to rely on its recitation of facts in its opening brief, where Americor asserts that, on January 5, 2023, JAMS confirmed "the deadline for all [p]arties to make payment was February 3, 2023," and that, on January 18, 2023, JAMS reiterated "the deposit was due by February 3, 2023." (Boldface omitted.)

This representation of the facts is somewhat inaccurate. In the January 5, 2023 e-mail message, JAMS did not set the due date as February 3, 2023. It reminded the parties when the due date was: "Payment is due upon receipt." It explained, "If payment is not received from all parties by 2/3/2023 (the last day to cancel or continue), the session will be removed from calendar."

We recognize JAMS's e-mail message on January 18, 2023, may have suggested a due date of February 3, 2023. JAMS wrote, "This is a friendly reminder that the attached Deposit Request is due before Friday,

2/3/2023. The last day to continue or cancel without forfeiting fees is this date as well. [¶] Please find your respective Deposit Request for your reference. A link can be found at the bottom of the attached Deposit Request for making electronic payments." (Boldface, italics, and underscoring omitted.) But, when read in the context of JAMS's previous reminders, it appears JAMS used February 3, 2023, as a separate deadline: if it did not receive the payment by then, it would remove the case from calendar. That deadline was distinct from Americor's statutory obligation to pay the fees upon receipt of the invoice. Notwithstanding the ambiguity of this e-mail message, the September 14, 2022 deposit request, which was attached to this e-mail, specified, "Payment is due upon receipt." Moreover, six days later, on January 24, 2023, JAMS e-mailed the parties, "[T]he attached Deposit Request is due."

Even if JAMS's January 18, 2023 e-mail message sowed confusion and even if it was attempting to change the payment deadline, once JAMS established the payment deadline as September 14, 2022—the day it sent the invoice to the parties—and initiated the 30-day grace period, it lacked the authority to amend the due date without the parties' agreement under 1281.98, subdivision (a)(2). Nothing in the record indicates the parties agreed to extend the payment due date.[4]

---

[4] Americor also raises several arguments for the first time on appeal. It argues Costa-Fleeson did not provide any evidence showing JAMS sent the $45,300 invoice to both Americor and Costa-Fleeson by the same means on the same day. Americor asserts the invoice did not specify when the payment was due. It contends the invoice was not billed to Americor as the "'drafting party'" but to Americor's counsel. It bases these arguments on a selective quotation and interpretation of section 1281.98, subdivision (a)(2), without acknowledging anywhere in its briefs section 1281.98, subdivision (a)(2) requires JAMS to "issue all invoices to the parties as due upon receipt."

13

## IV.

### WE REMAND TO THE TRIAL COURT IN LIGHT OF *HOHENSHELT*

*Hohenshelt* rejected the interpretation by several courts of appeal that section 1281.98 imposes a bright-line "rule that deems any failure to make timely payment a material breach, regardless of circumstances, with the automatic consequence that the drafting party loses its arbitral rights." (*Hohenshelt, supra*, 18 Cal.5th at p. 331.) Instead, our Supreme Court held a drafting party's failure to make a timely payment may be excused and the drafting party may be entitled to "relief from forfeiture" of its right to arbitration "where nonperformance is not willful, fraudulent, or grossly negligent." (*Id.* at p. 341.)

Americor is entitled to seek relief from its failure to make a timely payment of fees or costs to continue arbitration. We therefore reverse and remand the matter to the trial court to consider in the first instance whether Americor is entitled to such relief.

---

Additionally, Americor contends Costa-Fleeson waived her right to argue Americor materially breached the Agreement under section 1281.98 because she waited from September 2022 to January 2023 to request to withdraw from the arbitration. We decline to address these arguments because "issues not raised in the trial court cannot be raised for the first time on appeal." (*Wisner v. Dignity Health* (2022) 85 Cal.App.5th 35, 44.)

14

## DISPOSITION

The order is reversed and the matter is remanded to the trial court. On remand, the court shall consider, in light of *Hohenshelt*, whether Americor "may be excused for its failure to timely pay arbitration fees." (*Hohenshelt, supra*, 18 Cal.5th at p. 349.) In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


MOTOIKE, P. J.

WE CONCUR:


SANCHEZ, J.


GOODING, J.